ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY  10281-1008

*www.sedgwicklaw.com*   212.422.0202  *phone*   212.422.0925  *fax*



*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

January 17, 2013

*Via E-mail (EngelmayerNYSDChambers@nysd.uscourts.gov)*
Hon. Paul A Engelmayer
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl St.
New York, NY  10007-1312

Re:  *Ronald A. Roganti* v. *Metropolitan Life Insurance Company et al.*
     Civ. Act. No. 12-cv-0161(PAE)
     File No.: 00584-007613

Dear Judge Engelmayer:

    This office represents the Defendants in the above-referenced action. We write to request that the Court enter a protective order in the form attached as Exhibit "A" and to amend the Order dated December 10, 2012 (Doc. No. 23) (the "Order") to allow the parties an additional week to file any confidential documents under seal as part of the administrative record.

    In accord with the Court's Order, Defendants prepared and Bates numbered the entire administrative record to send to Plaintiff Ronald A. Roganti ("Roganti"). The Order contemplated that Defendants would send the proposed administrative record to Roganti by January 7, 2013 and on January 18, 2013, the parties would then file the stipulated administrative record with the Court. On January 7, 2013, Defendants sent the non-confidential portions of the administrative record to Roganti. The administrative record also contains a number of confidential documents that were accepted in evidence during the FINRA arbitration. As the Court is aware, following its remand Order dated June 18, 2012 (Doc. No. 17), the entire FINRA arbitration, including both hearing transcripts and evidence considered by the panel, was made part of the administrative record for Roganti's ERISA benefit claim. In order to address this situation, Defendants separately prepared and Bates numbered the confidential documents for production but withheld them pending Roganti's agreement to enter into a confidentiality agreement to keep the documents confidential. It is important to note that Roganti's counsel signed a confidentiality agreement in the FINRA arbitration with respect to these documents. (*See* Exhibit "B").

    On January 4, 2013, Defendants sent the attached draft protective order to Roganti's counsel for review. The protective order is based on the Model Protective Order created by U.S. District Judge Jed S. Rakoff and approved of generally by other district judges in this District. The scope of the protective order is based on the confidentiality agreement that Roganti's counsel signed in the FINRA arbitration and is

intended to extend this confidentiality to the litigation currently before the Court. Notwithstanding his agreement to keep these documents confidential in the FINRA proceedings, Roganti has refused to agree to the terms of the proposed protective order. The protective order, however, is necessary to protect against disclosure or use of the confidential documents outside of this action. Accordingly, good cause exists for the entry of the protective order, and we respectfully request that the Court enter the attached proposed protective order.

We also respectfully request that the Court extend the time for the parties to file the confidential portions of the stipulated record with the Court under seal to January 25, 2013 to allow Roganti the opportunity to review the confidential documents once the protective order is entered. We do not anticipate that the extension of the time to file the confidential portions of the stipulated administrative record will affect any other dates set forth in the Court's Order. Regardless of this issue, the parties will be prepared to submit the non-confidential portions of the stipulated administrative record by January 18, 2013, as previously ordered by the Court.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB
Attachment
cc: David G. Gabor Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONALD A. ROGANTI,

                        Plaintiff,

  – against –

METROPOLITAN LIFE INSURANCE
COMPANY, METROPOLITAN LIFE
RETIREMENT PLAN FOR UNITED STATES
EMPLOYEES, SAVINGS AND INVESTMENT
PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES, THE
METLIFE AUXILIARY PENSION PLAN,
AND THE METROPOLITAN LIFE
SUPPLEMENTAL AUXILIARY SAVINGS
AND INVESTMENT PLAN,

                        Defendants.
-----------------------------------------------------------------X

Civil Action No.: 12-cv-0161(PAE)

**PROTECTIVE ORDER**

DOCUMENT
ELECTRONICALLY FILED

PAUL A. ENGELMAYER, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any " Material" (i.e., information of any kind provided in the course of this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

1

2.  The person producing any given Material may designate as Confidential only such portion of such material as consists of:

(a)  (i) private, proprietary and/or business information not generally available to the public of or concerning the parties, and/or any of their clients, customers and/or any person or entity with, for, or on behalf of whom the parties have done or do business; and/or (ii) personal, private and/or other information not generally available to the public of or concerning any individual, including but not limited to past and present officers, employees, or agents of defendants, as well as policyholder and/or customer information, including any information designated as "Confidential" in the Financial Industry Regulatory Authority Arbitration captioned *Ronald A. Roganti* v. *Metropolitan Life Insurance Company*, FINRA Case No. 04-4876;

(b)  previously nondisclosed material relating to ownership or control of any non-public company;

(c)  previously nondisclosed business plans, product development information, or marketing plans;

(d)  any information of a personal or intimate nature regarding any individual; or

(e)  any other category of information hereinafter given confidential status by the Court.

3.  If at any time prior to the trial of this action, a producing person realizes that some portion of the Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion of the Material will thereafter be treated as Confidential under the terms of this Order.

4.  No person subject to this Order other than the producing person shall disclose any of the Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel of record retained specifically for this action, including any paralegal, clerical and staff employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

5. Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. All Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8. Each person who has access to the Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

10. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

11. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

12. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

15. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
January 17, 2013

_____    _____
David G. Gabor                     Michael H. Bernstein (MB 0579)
THE WAGNER LAW GROUP               John T. Seybert (JS 5014)
99 Summer Street, 13th Floor       SEDGWICK LLP
Boston, Massachusetts 02110        225 Liberty Street, 28th Floor
*Attorneys for Plaintiff*          New York, New York 10281-1008
                                   *Attorneys for Defendants*

      SO ORDERED

_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RONALD A. ROGANTI,

                                    Plaintiff,

           – against –

METROPOLITAN LIFE INSURANCE COMPANY,
METROPOLITAN LIFE RETIREMENT PLAN
FOR UNITED STATES EMPLOYEES, SAVINGS
AND INVESTMENT PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES, THE METLIFE
AUXILIARY PENSION PLAN, AND THE
METROPOLITAN LIFE SUPPLEMENTAL
AUXILIARY SAVINGS AND INVESTMENT
PLAN,

                                    Defendants.
-----------------------------------------------------------------------X

Civil Action No.: 12-cv-0161(PAE)

**NON-DISCLOSURE
AGREEMENT**

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Material that have been designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any terms of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                        By: _____

# EXHIBIT B

| RONALD A. ROGANTI, | : | FINANCIAL INDUSTRY |
| --- | --- | --- |
| Claimant, | : | REGULATORY AUTHORITY |
| | : | |
| v. | : | FINRA Case No. 04-4876 |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY, | : | |
| | : | |
| Respondent. | : | |
| | : | **STIPULATION OF CONFIDENTIALITY** |
| | : | |

WHEREAS, Claimant, Ronald A. Roganti ("Claimant") and Respondent, Metropolitan Life Insurance Company ("Respondent" or "MetLife") (collectively, "the Parties") are presently engaged in discovery in the above captioned matter;

WHEREAS, the Parties consider certain of the information being sought in discovery to be of a confidential nature; and

WHEREAS, the Parties have agreed to this Stipulation to permit Claimant and Respondent to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. "Confidential Information" as used herein, means: (i) private, proprietary and/or business information not generally available to the public of or concerning the Parties, and/or any of their clients, customers and/or any person or entity with, for, or on behalf of whom the Parties have done or do business; and/or (ii) personal, private and/or other information not generally available to the public of or concerning any individual, including but not limited to past and present officers, employees, or agents of defendants, as well as policyholder and/or customer information. "Confidential Information" shall include any type or classification of information

within the foregoing categories that is designated as confidential by the Parties, whether it be a document, information contained in a document, or information revealed in a discovery response, produced or revealed by the Parties in this action. If the Parties, in responding to a discovery request(s) believe a document, information contained in a document, or information revealed in a response produced or revealed in response to any discovery request(s) to be confidential, they shall so advise the appropriate party's counsel upon its production, and the designation and subsequent treatment of such document(s) or information as confidential shall be subject to the procedures set forth in the paragraphs below.

2. "Qualified person" as used herein means: (a) Claimant's and Respondent's counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced pursuant to this Stipulation; (b) any expert employed or retained by either party for the purpose of assisting counsel in this litigation; (c) Claimant; (d) Respondent; and (e) Claimant's and Respondent's witnesses who have been advised in writing that the Confidential Information is subject to a confidentiality agreement and is to be used solely for this arbitration.

3. The Parties shall designate discovery materials produced in the course of discovery as Confidential Information by marking or stamping such discovery materials where possible with the word "CONFIDENTIAL."

4. Counsel for the Parties shall provide a copy of this Stipulation to each qualified person as defined in Paragraph 2(a), (b), (c) and (d) who shall read it and sign his or her name at the foot thereof following the words, "I have read and agree to be bound by the provisions of this Stipulation." All copies so endorsed shall be retained by the respective Parties and made available to the Parties' counsel upon request. Qualified persons as defined in

Paragraph 2(e) may only be permitted to read and review documents containing confidential information and shall not be provided copies of such documents unless they read and sign his or name at the foot thereof following the words, "I have read and agree to be bound by the provisions of this Stipulation."

5. Confidential Information shall be disclosed by the Parties or their counsel only to qualified persons who have read and agreed to be bound by this Stipulation, in accordance with Paragraph 4, and then only to the extent counsel or the Parties in good faith believe that such disclosure is reasonably necessary to the prosecution of this litigation, or pursuant to a valid subpoena.

6. Each qualified person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a qualified person without the prior written consent of the party designating the information confidential or an order by the FINRA Panel authorizing such disclosure. Confidential Information shall be used only for the purposes of this arbitration (not any other judicial, arbitral or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person except as provided herein. Notwithstanding the forgoing, a qualified person may release confidential information pursuant to a valid subpoena.

7. In the event the Parties disagree with any designation of Confidential Information pursuant to Paragraph 1, or consider it necessary to disclose Confidential Information to a person who is not a qualified person, the Parties shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the FINRA Panel for a determination whether particular documents or other information should be

treated as Confidential Information or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation, until otherwise agreed to by the Parties or ordered by the FINRA Panel.

8. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation.

9. In the event a Qualified Person is served with a valid subpoena purporting to require a disclosure of Confidential Information, as soon as practicable following his/her receipt of such process or request to testify or produce documents, he/she will: (i) immediately provide written notification to Respondent of such process or request; and (ii) not disclose any Confidential Information until Respondent has had an opportunity to contest such process or request and Respondent's challenge has been ruled upon. Written notification for purposes of this Paragraph must be made via overnight delivery to Steven Yarusinsky, Esq., Proskauer Rose LLP, One Newark Center, 18th Floor, Newark, New Jersey, 07102 or via facsimile to Steven Yarusinsky, Esq. at (973) 274-3299.

10. The disclosure by the Parties of a document or information to a qualified person without designating it as Confidential Information shall not constitute a waiver of the right to seek to designate such document or information as Confidential Information pursuant to the procedure set forth in Paragraphs 3 and 7 and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation.

11. Within thirty (30) days of the conclusion of this action (including appeals, if any), all Confidential Information and all documents containing Confidential Information,

together with all copies, extracts and summaries thereof, in the possession of any qualified person or any other person who has received such documents pursuant to this Stipulation, shall be returned to the respective parties or destroyed. No Confidential Information may be used in any other judicial or other proceeding, or for any other purpose.

12. This Stipulation may be amended by further stipulation, or if the Parties are unable to agree, by the FINRA Panel on the application of a party.

13. This Stipulation shall extend beyond the final conclusion of this matter, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties or by Order of the FINRA.

14. This Stipulation shall be binding on the Parties, their counsel, qualified persons and all other persons having knowledge of its terms. It is enforceable by the contempt power of the United States District Court and by any other sanction deemed appropriate by the United States District Court.

KRAUS & ZUCHLEWSKI LLP

BY: _____
Pearl Zuchlewski
500 Fifth Avenue, Suite 5100
New York, NY 10110
Attorneys for Claimant

Date: 9/21/09

PROSKAUER ROSE LLP

BY: _____
Steven Yarusinsky
One Newark Center, 18th Floor
Newark, NJ 07102
Attorneys for Respondent

Date: 9/21/09

**FOR QUALIFIED PERSONS:**

I have read and agree to be bound by the provisions of this Stipulation.

Signature: _____

Print Name: _____

5

FINANCIAL INDUSTRY
REGULATORY AUTHORITY
-----------------------------------------------------------x

RONALD A. ROGANTI,

                 Claimant,

    v.

METROPOLITAN LIFE INSURANCE
COMPANY,

                 Respondent.

-----------------------------------------------------------x

FINRA CASE NO.: 04-4876

**STIPULATION REGARDING
INADVERTENT DISCLOSURE
OF PRIVILEGED MATERIAL**

WHEREAS, Claimant Ronald Roganti ("Claimant") and Respondent Metropolitan Life Insurance Company ("MetLife") (collectively with Claimant, "the parties") are presently engaged in discovery in the above captioned matter;

WHEREAS, the parties have agreed to this Stipulation Regarding Inadvertent Disclosure of Privileged Material pursuant to procedures protecting the confidentiality and privilege of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The parties agree that any inadvertent or unintentional inclusion of any privileged material within their respective document productions shall not result in the waiver of any associated privilege which would be applicable to similar information or material, nor result in a subject matter waiver of any kind.

2. The parties agree that, if at any time a producing party notifies a receiving party it has inadvertently or unintentionally produced privileged material, the receiving party must (a) promptly return or destroy the specified privileged material and any copies it has (including hard-copy and electronic copies) within ten (10) calendar days; (b) take prompt and reasonable

steps to retrieve any such privileged material if the party disclosed it before being notified; and (c) notify the producing party in writing that it has complied with this requirement.

3. The parties agree that, in the event that the receiving party chooses to challenge the designation of any inadvertently or unintentionally produced privileged material as privileged, it (a) must promptly return or destroy the specified privileged material and any copies it has (including hard-copy and electronic copies) within ten (10) calendar days except that it may retain such copies as are necessary for the sole purpose of presenting this challenge to the Arbitration Panel; (b) must take prompt and reasonable steps to retrieve any such privileged material information if the party disclosed it before being notified; (c) must notify the producing party in writing that it has complied with these requirements, including the fact that it will challenge the designation of this privileged material as privileged; (d) must file any such challenge with the Arbitration Panel promptly; and (e) must sequester and not use the copies of the privileged material it retains for any purpose other than for challenging its status as privileged material.

4. Both parties agree that they will not attempt to utilize in any manner or introduce as evidence any information contained in privileged material inadvertently or unintentionally disclosed.

| **KRAUS & ZUCHLEWSKI, LLP** | **PROSKAUER ROSE LLP** |
|---|---|
| *Attorneys for Claimant* | *Attorneys for Respondent* |
| By: /s/ Pearl Zuchlewski | By: /s/ Steven Yarusinsky |
| Pearl Zuchlewski | Steven Yarusinsky |
| 500 Fifth Avenue, Suite 5100 | One Newark Center, 18th Floor |
| New York, New York 10110 | Newark, New Jersey 07102 |
| Date: 9/21/09 | Date: 9/21/09 |