# THE WAGNER LAW GROUP

7108 FAIRWAY DRIVE, SUITE 125
PALM BEACH GARDENS, FL 33418
Tel (561) 293-3590
Fax (561) 293-3591

99 SUMMER STREET, 13TH FLOOR
BOSTON, MA 02110
Tel (617) 357-5200
Fax (617) 357-5250

315 MONTGOMERY STREET, SUITE 902
SAN FRANCISCO, CA 94104
Tel (415) 625-0002
Fax (415) 358-8300

www.wagnerlawgroup.com

January 17, 2013

*By E-mail:  EngelmayerNYSDChambers@nysd.uscourts.gov*

United States District Court
Southern District of New York
500 Pearl Street, Room 670
New York, NY 10007

Attn:   The Honorable Paul A. Engelmayer
        United States District Judge

   Re:   Roganti v. Metropolitan Life Insurance et al
         Civ. Act. No. 12-cv-0161 (PAE)

Honorable Sir:

   This office represents the Plaintiff in the above-referenced matter and writes in response to the Defendants' application for a protective order.

## Basis for objecting

   We received the proposed protective order that was sent after hours on Friday, January 4, 2013 and objected to it for several reasons. First, it is not designed for this type of proceeding. For instance, in the third line it makes reference to the pre-trial phase of the action. Next, it is overly broad inasmuch as it speaks to the use of experts and consultants. The proposed agreement references documents provided in the course of this action. However, no new documents are being provided in this action. In fact, there is no exchange of discovery in this proceeding. To the contrary, the record being submitted to the Court is the very record that was placed in front of the Plan Administrator. Due to the fact that no new documents are being exchanged, there should be no confidentiality agreement.

## The Prior Stipulation of Confidentiality

   The prior confidentiality agreement, dated September 21, 2009, was not signed by Ronald Roganti. Section 4 on page 2 states that qualified people must sign the agreement. Roganti was a qualified person as defined in Section 2 on page 2. Roganti has advised this office that he never consented to the execution of a confidentiality agreement during the FINRA proceeding. Therefore, because Roganti did not sign or consent to the execution of the prior

United States District Court
January 17, 2013
Page 2

confidentiality agreement (which required his signature), Roganti is neither subject to nor bound by the confidentiality agreement. Moreover, any confidentiality agreement in this case should not govern prior disclosure from the arbitration. This includes the exchange of documents and testimony in the FINRA proceeding. Nevertheless and in a gesture of good faith, Mr. Roganti has given us the authority to make the proposal as set forth below.

## Our Proposal

In an effort to be sensitive to the Defendants' concerns regarding business information we proposed that they designate any documents that they felt were of a confidential nature for submission to the Court under seal. We also represented that we will not disclose the documents marked confidential that are sent to us by Defendants' counsel to any third party whatsoever. Finally, we agreed to destroy the confidential documents that were forwarded to us at the close of this proceeding and will confirm same with Defendants' counsel. Once again, we would like to reiterate that our proposal does not apply to any documents that Roganti has in his possession from the FINRA arbitration.

However, we do not agree to the terms of the protective order nor do we agree to consent to any order that governs the exchange of documents in the prior proceeding.

Respectfully submitted,

David G. Gabor

cc: Michael H. Bernstein, Esq. (*by Email:* michael.bernstein@sedgwicklaw.com)

{K:/11853/A0090884.1}