USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD A. ROGANTI,

                              Plaintiff,

        – against –

METROPOLITAN LIFE INSURANCE
COMPANY, METROPOLITAN LIFE
RETIREMENT PLAN FOR UNITED STATES
EMPLOYEES, SAVINGS AND INVESTMENT
PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES, THE
METLIFE AUXILIARY PENSION PLAN,
AND THE METROPOLITAN LIFE
SUPPLEMENTAL AUXILIARY SAVINGS
AND INVESTMENT PLAN,

                              Defendants.
------------------------------------------------------------X

Civil Action No.: 12-cv-0161(PAE)

**PROTECTIVE ORDER**

DOCUMENT
ELECTRONICALLY FILED

PAUL A. ENGELMAYER, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any " Material" (i.e., information of any kind provided in the course of this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

1

2. The person producing any given Material may designate as Confidential only such portion of such material as consists of:

(a) (i) private, proprietary and/or business information not generally available to the public of or concerning the parties, and/or any of their clients, customers and/or any person or entity with, for, or on behalf of whom the parties have done or do business; and/or (ii) personal, private and/or other information not generally available to the public of or concerning any individual, including but not limited to past and present officers, employees, or agents of defendants, as well as policyholder and/or customer information, including any information designated as "Confidential" in the Financial Industry Regulatory Authority Arbitration captioned *Ronald A. Roganti v. Metropolitan Life Insurance Company*, FINRA Case No. 04-4876;

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. If at any time prior to the trial of this action, a producing person realizes that some portion of the Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion of the Material will thereafter be treated as Confidential under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel of record retained specifically for this action, including any paralegal, clerical and staff employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

5. Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. All Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

7.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8.     Each person who has access to the Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

10.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

11.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

12.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

15. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
January 17, 2013

---

David G. Gabor
THE WAGNER LAW GROUP
99 Summer Street, 13th Floor
Boston, Massachusetts 02110
*Attorneys for Plaintiff*

Michael H. Bernstein (MB 0579)
John T. Seybert (JS 5014)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
*Attorneys for Defendants*

SO ORDERED  2/1/13

*/s/ Paul A. Engelmayer*
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE