UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONALD A. ROGANTI,

                  Plaintiff,

     -against-

METROPOLITAN LIFE INSURANCE COMPANY,
METROPOLITAN LIFE RETIREMENT PLAN FOR
UNITED STATES EMPLOYEES, SAVINGS AND
INVESTMENT PLAN FOR EMPLOYEES OF
METROPOLITAN LIFE AND PARTICIPATING
AFFILIATES, THE METLIFE AUXILIARY PENSION
PLAN, and THE METROPOLITAN LIFE
SUPPLEMENTAL AUXILIARY SAVINGS AND
INVESTMENT PLAN,

                  Defendants.
------------------------------------------------------------------------X

Civ. Act. No.: 12 CV 0161 (PAE)

**DECLARATION OF**
**ANDREW J. BERNSTEIN**

DOCUMENT
ELECTRONICALLY FILED

      Andrew J. Bernstein, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury, the following:

      1.    I make this declaration in support of the Summary Trial Brief Submitted by Defendants Metropolitan Life Insurance Company ("MetLife"), Metropolitan Life Retirement Plan for United States Employees (the "Retirement Plan"), The MetLife Auxiliary Pension Plan (collectively the "Pension Plans"), the Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates, and the Metropolitan Life Supplemental Auxiliary Savings and Investment Plan's (collectively the "SIP Plans")(the Pension Plans and SIP Plans will collectively be referred to hereinafter as the "Plans").[1] The matters stated herein are based upon my personal knowledge, and if called upon to do so, I would and could testify competently to them.

---

[1] The correct name for the Metropolitan Life Supplemental Auxiliary Savings and Investment Plan is the Metropolitan Life Auxiliary Savings and Investment Plan.

1

2. I am a Vice President in MetLife's Global Compensation and Benefits Department and was the Plan Administrator for the Plans. I was personally involved in the appeal of plaintiff's claim for additional benefits under the Plans that form the basis for this action. Specifically, I issued two letters to plaintiff with respect to his claim for additional benefits under the Plans, which are dated August 30, 2011 and September 14, 2012.

3. I am personally familiar with MetLife's practices for determining a claimant's eligibility for benefits under the Plans, as well as the affirmative steps that MetLife takes to ensure that the financial performance of Plans or MetLife are irrelevant to and play no role in its determination of benefit claims and appeals under the Plans. I have been informed that the dates relevant to this litigation are from March 2011 forward. All of the procedures identified below were in effect and followed during this time.

4. I review the appeal of each claim for benefits under the Plans on its own merits. Every claim determination is based solely upon the information in the administrative record relating to that particular claimant's benefit claim.

5. In accordance with the laws that govern pension plan funding, the assets for the Retirement Plan and the Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates are held in special designated vehicles (e.g., either in trust or in an annuity contract issued by an insurance company). The assets of these plans are primarily held in annuity contracts issued by MetLife through the Corporate Benefit Funding Department ("CBF") and are 97% invested in separate accounts. CBF also sells MetLife annuity contracts to many other large companies and administers them. The Retirement Plan has just under $8 billion in assets, and, according to the Retirement Plan's public 5500 filings, the Retirement Plan is 95% funded.

6. In order to ensure the integrity of MetLife's process for determining employees' eligibility for benefits under the Plans, MetLife's lines of business, as well as MetLife's finance department are kept

completely separate from the administration of the Plans. In this regard, I did not consult or consider MetLife's or the Plans' finances in connection with my determinations regarding plaintiff's appeal of MetLife's initial adverse determination or during my reconsideration of plaintiff's claim on remand from the district court.

7. I do not report to anyone in the lines of business or to anyone in MetLife's finance department and did not discuss my determinations regarding plaintiff's appeal or the reconsideration of plaintiff's claim on remand from the district court with anyone in MetLife's lines of business or finance department.

8. Neither MetLife's lines of business nor its finance department employees make, direct, or have any involvement with my appeal decisions as Plan Administrator. In this regard, I did not take any direction or receive any guidance from anyone in MetLife's lines of business or finance department in connection with my determinations regarding plaintiff's appeal or reconsideration of his claim on remand, nor did I consider the financial impact on MetLife or the Plans' funding on denying or approving plaintiff's claim for additional benefits under the Plans when I rendered those determinations.

9. I receive no compensation, awards, bonuses, other financial benefits or performance recognition based upon either the value or the number of adverse benefit claims I uphold or reverse on appeal. In this regard, I did not receive or expect to receive any financial benefit based on the results of my determinations regarding plaintiff's appeal or following reconsideration of his claim on remand.

10. Determinations of benefit claims under the Plans are expected to be accurate regardless of the outcome of the determination. My goal in considering plaintiff's appeal and on reconsideration of his claim on remand from the district court was to reach a determination that was solely based on the Plans' documents and the information contained in the administrative record.

11.     MetLife administers all benefit claims and appeals under the Plans consistently. In rendering my determinations regarding plaintiff's appeal and on reconsideration of this claim on remand from the district court, I consistently applied the same rules, terms, conditions, limitations and exclusions under the Plans that apply to other claims for benefits under the Plans.

12.     I was in no way directed or requested by anyone at MetLife to make a particular determination on plaintiff's appeal or a particular determination on reconsideration of plaintiff's claim on remand from the district court nor did I feel pressured by anyone at MetLife to come to a particular determination with regard to plaintiff's appeal or a particular determination on reconsideration of plaintiff's claim on remand from the district court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of April, 2013.

_____
Andrew J. Bernstein