UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RONALD A. ROGANTI,                                                      :
                                                                        :
                              Plaintiff,                                :
             -v-                                                        :
                                                                        :
METROPOLITAN LIFE INSURANCE COMPANY,                                    :    12 Civ. 161 (PAE)
METROPOLITAN LIFE RETIREMENT PLAN FOR                                   :
UNITED STATES EMPLOYEES, SAVINGS AND                                    :    OPINION & ORDER
INVESTMENT PLAN FOR EMPLOYEES OF                                        :
METROPOLITAN LIFE AND PARTICIPATING                                     :
AFFILIATES, THE METLIFE AUXILIARY PENSION                               :
PLAN, and THE METROPOLITAN LIFE                                         :
SUPPLEMENTAL AUXILIARY SAVINGS AND                                      :
INVESTMENT PLAN,                                                        :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On September 25, 2013, the Court issued an Opinion & Order ("Opinion") (Dkt. 45). The Court held that plaintiff Ronald Roganti's Arbitration Award represented benefits-eligible back pay, and that MetLife's decision to exclude the Award from its calculation of Roganti's pension was arbitrary and capricious. Opinion at 26. The Court directed the parties to submit a joint letter identifying any open issues in the case. *Id.* On November 8, 2013, the parties submitted a joint letter. Dkt. 50 ("Letter").

Two open issues remain, both arising from MetLife's provision to Roganti, on October 29, 2013, of its calculation of the judgment due to him as a result of the Court's ruling. *See* Letter at 6. Specifically, Roganti argues that Met Life erroneously failed (1) to include, in its calculation of that judgment, "Additional Vacation Compensation" (AVC); and (2) to apply the correct interest rate to the judgment. The Court's rulings on those open issues are as follows.

**1. AVC:** The Court holds that MetLife did not err in not including AVC in its calculation of Roganti's pension. At the outset, in his request, Roganti appears to have technically misused the term AVC. According to MetLife, AVC is a "salary-like payment made during the week in which a salesperson takes his vacation," but is not a payment Roganti, as a MetLife manager, ever received. Letter at 9. The Court therefore construes (as has MetLife) Roganti's argument as seeking an increased pension calculation based on his accrued vacation time ("PTO pay").[1]

MetLife explains that, when Roganti retired in 2005, he was paid $417,190 for his accrued but unused vacation days. Presumably, had MetLife not retaliated against Roganti in setting his compensation, as the arbitration determined had occurred, the value of those unused vacation days would, presumably, have been greater: $182,000 greater, in fact, yielding a total value for his unused vacation days of $599,253. *See* Letter at 7. Roganti makes two arguments: First, that this $182,000 difference in PTO pay should increase his pension; and, second, that this $182,000 differential should be paid as part of the judgment in this case.

The Court holds for MetLife on both these points. As to Roganti's first argument, even assuming that accrued vacation time was properly factored into the calculation of his salary for a particular year, as to Roganti, it would affect only the calculation of his compensation for 2005. That was the year in which MetLife paid Roganti for his unused vacation pay. The Court's holding was that the Award increased Roganti's effective income in 2003 and 2004 (each to $1,506,000), and in 2005 (to $405,461). Even if MetLife added the full PTO amount to Roganti's adjusted pay for 2005, he would have received $1,004,714 that year ($599,253 +

---

[1] In the reply section of the joint letter, Roganti appears to agree that the issue he raises is the payment MetLife provided him for his unused vacation time in 2005, regardless of whether that is called AVC or PTO. *See* Letter 15–16.

$405,461). Roganti's pension was to be calculated based on the average salary of the five non-consecutive years, out of his final 15 years at MetLife, in which he earned his highest salary. Administrative Record ("AR") at 1823. Even adjusting his 2005 salary upwards to include the full PTO amount, 2005 would not be one of Roganti's top-five years. *See* Letter at 9. Rather, based on the record, and factoring in the Award, Roganti's top five years of compensation were 2000 through 2004. *See* AR 2334. Thus, even if Roganti's 2005 compensation were adjusted to reflect his increased PTO pay, his pension would be unaffected.

The Court also rejects Roganti's argument that $182,000 in PTO pay should be added to the judgment in this case. Roganti's claim in this case, based on ERISA, was that MetLife had erred in failing to treat the arbitration Award as benefits-eligible compensation "for purposes of calculating Roganti's *pension*." Opinion at 26 (emphasis added). That was the focus of his Complaint. The Complaint, however, did not challenge the calculation of his unused PTO time. *See, e.g.,* Cpt. ¶¶ 186-194. And a claim of a miscalculation of accrued vacation pay, although perhaps actionable under state law, would not appear to be cognizable under ERISA. *See Massachusetts v. Morash*, 490 U.S. 107 (1989) (a state policy of paying discharged employees for their unused vacation pay does not constitute an employee welfare benefit plan under ERISA). The Court declines to permit Roganti to effectively amend his Complaint at this late date to add a claim for such relief.

**2. Interest rate:** As to the issue of which interest rate applies to Roganti's Judgment, the Court also rules in favor of MetLife. Roganti argues that New York's statutory rate of 9% for civil judgments should apply, *see* Letter at 4, whereas MetLife argues that the "PRA crediting rate" is the appropriate rate, *see id.* at 13. In the Court's assessment, the decision as to the interest rate to apply to retroactive payments under the Pension Plan is properly left to the

reasoned discretion of the Plan Administrator. *See Conkright v. Frommert*, 130 S.Ct. 1640, 1651 (2010) (requiring the District Court to defer to a Plan Administrator's decision—in determining current benefits owed—to use a particular interest rate to calculate the current value of past distributions). Here, the PRA crediting rate is a preexisting rate of interest that MetLife already uses to calculate the cash balance formula in its Pension Plan. MetLife's decision to use this rate also to calculate the current value of the pension payments that Roganti was entitled to receive but did not receive is reasonable. The Court therefore defers to MetLife's decision to apply the PRA crediting rate to calculate the Judgment it owes to Roganti.[2]

As a final matter, Roganti seeks a Court order directing that MetLife—in addition to compensating Roganti for his underpaid pension from March 2005 to October 31, 2013—pay Roganti the adjusted monthly pension going forward. *See* Letter at 16. This outcome logically follows from, and is required by, the Court's September 25, 2013 Opinion. In the event that MetLife concludes otherwise, for whatever reason, it is directed to address this issue in a letter to the Court by November 19, 2013.

The parties are directed to meet and confer, and to submit, by November 21, 2013, a proposed order embodying the judgment in this case, one consistent with this Order and the Court's September 25, 2013 Opinion. The Court's intention is to promptly sign such an order and then close this case.

---

[2] Separately, applying a 9% interest rate would result in a windfall to Roganti, which is contrary to the purpose and goals of ERISA. *See Henry v. Champlain Enterprises, Inc.*, 445 F.3d 610, 624 (2d Cir. 2006) ("The aim of ERISA is to make plaintiffs whole, but not to give them a windfall.") (citation omitted). This supplies an independent basis for the Court's conclusion that MetLife's decision to use instead the PRA crediting rate was reasonable.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 14, 2013
       New York, New York